### WATERS-PIERCE OIL CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1918.)

#### No. 4964.

PUBLIC LANDS ☞8—TRESPASS ON—ACTIONS—INSTRUCTIONS.

In an action by the United States for the value in manufactured form of turpentine and rosin taken from timber on unperfected homesteads, a charge, in language approved by the Supreme Court, that the boxing of trees by a settler on public land covered by an unperfected homestead, etc., and extraction of turpentine therefrom, was a willful and intentional trespass, etc., is not open to attack.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Consolidated suits by the United States against the Waters-Pierce Oil Company. Judgment for the United States, and defendant brings error. Affirmed.

George T. Priest, of St. Louis, Mo. (Boyle & Priest, of St. Louis, Mo., on the brief), for plaintiff in error.

W. H. Woodward, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN, Circuit Judge, and TRIEBER and YOUMANS, District Judges.

YOUMANS, District Judge. The United States brought five separate suits in conversion against the plaintiff in error in the court below for the value in manufactured form of turpentine and rosin taken from timber on unperfected homesteads. These suits were consolidated and tried as one. The first two assignments of error are based on the contention that the testimony was not sufficient to sustain a recovery on either one of the five suits separately, or as consolidated. We have carefully read the evidence, and find that there was testimony sufficient to sustain the verdict of the jury.

The six assignments of error following the first two related to alleged erroneous instructions to the jury. The essential part of the

instructions embodies the identical language used by the Supreme Court of the United States in the case of Union Naval Stores v. United States, 240 U. S. 284, 36 Sup. Ct. 308, 60 L. Ed. 644. In that opinion the Supreme Court approved the following charge:

"The boxing of trees by a settler on public land covered by an unperfected homestead entry, or by any person who knew it was public land (which an unperfected homestead entry is), and the extracting of crude turpentine therefrom, constitutes in law an intentional, willful trespass, although he may have acted without knowledge of the illegality of the act, and that from such persons the United States are entitled to recover the value of the product manufactured from such crude turpentine by the settler, or from any person into whose possession the same may have passed."

The testimony clearly shows that the turpentine and rosin in question were taken from public lands, and that in so doing the persons so taking the same committed willful trespass, and that the turpentine and rosin so taken passed into the possession of the plaintiff in error.

We have examined the other assignments of error, and find them to be without merit.

The case will be affirmed.